In the Matter of the Claim of Angelina Germano, Respondent, and Salvatore Germano, Appellant, against Louis Longhi & Son et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by the employer and carrier from an award of death benefits made by the Workmen's Compensation Board to the mother of a deceased employee; and an appeal by the employer alone from an award of double compensation against the employer because of the illegal employment of the infant decedent. The father of the decedent also appeals from a decision of the board which dismissed his claim for compensation on the ground he was not a dependent. The issues here are essentially those of dependency and it has been so stipulated. The infant employee was sixteen years of age at the time he was accidentally killed on the second day of his employment for the employer herein. He was then working as a water boy in connection with a construction project at the Albany Airport, and was to receive a weekly wage of $44.93 for his services. Claimants contend they were in fact dependent upon decedent. The board found for the mother but denied the claim of the father. The mother testified that her son for some years had contributed from $12 to $15 a week to her for the support of the

household. There is considerable proof that he began work at odd jobs at a very early age; that he worked at times in a bowling alley, shined shoes, worked for the Western Union Telegraph Company, at the United States Post Office during the holiday seasons, and on a part-time basis at Chuckrow's store, a poultry and egg establishment in Albany, New York. Appellants' attack on the finding of dependency for the mother is based largely upon discrepancies between oral testimony and the payroll records of Chuckrow's. Appellants contend that such records indicate conclusively that decedent was not working at Chuckrow's during many of the periods claimed and that he did not earn the sums attributed to him. There is some counter testimony to the effect that decedent was ofttimes paid in cash, and the inference sought to be drawn is that no records were kept of such payments. The referee found that much of the evidence for both sides on this phase of the case was of "little value". On the whole record, however, and giving due consideration to the situation of the family and the conditions under which they lived, dependency was found for the mother. We cannot say that there is no substantial evidence to sustain the award. We do not consider the decision in *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works* (304 N. Y. 65) as a mandate for us to weigh conflicting testimony and balance probabilities. That function still belongs to the board. Award and decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.